# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELA DONDERO,**

       Plaintiff,                        CASE NO. 6:22-cv-210-RBD-DCI

vs.

**WASTE PRO OF FLORIDA, INC.,**

       Defendant.

_____/

## PARTIES' JOINT BRIEF IN SUPPORT OF APPROVAL OF SETTLEMENT

      Plaintiff, ANGELA DONDERO, by and through undersigned counsel, and Defendant WASTE PRO OF FLORIDA, INC., by and through undersigned counsel, and pursuant to the Settlement Conference held on September 14, 2022, before Magistrate Judge Leslie Hoffman Price, file this Joint Brief in Support of Approval of Settlement, and respectfully states as follows:

      1.     As stated in Plaintiff's Complaint (D.E. 1), Angela Dondero was previously an Opt-in Plaintiff in *Wright, et. al. v. Waste Pro USA, Inc., et. al*., Case No. 0:19-cv-62051-KMM, filed in the United States District Court, Southern District of Florida, Fort Lauderdale Division (the "*Wright* Action"). On January 11, 2022, the Court in the *Wright* Action decertified the collective, dismissing the claims of the Opt-in Plaintiffs.

2. Through the course of the litigation Ms. Dondero determined that she was paid one (1) annual bonus of $1,000.00, for the years she was employed within the FLSA lookback period. Ms. Dondero was also paid one $10,000 safety bonus within the same time period. Ms. Dondero contends that Defendant Waste Pro of Florida, Inc., did not include the annual bonuses or the safety bonus within the calculation of his regular rate and therefore she is owed approximately $1,958 in overtime compensation as a result. Defendant denies that Plaintiff is owed any additional compensation since it contends the bonuses paid were discretionary and excluded from the regular rate.

3. Additionally, Ms. Dondero contends that Defendant had a policy of paying drivers a "half-day rate" up and through July 2017, which, if true, she contends would entitle her to full and complete time and one-half compensation, instead of half-time overtime compensation. Ms. Dondero estimates this portion of her claim would be valued at $9,052 in overtime compensation.

4. Ms. Dondero estimates she is owed in total, approximately $11,010 in unpaid overtime, and an equal amount in liquidated damages.

5. On or about September 14, 2022, a Settlement Conference was held before Magistrate Judge Leslie Hoffman Price to try and resolve the case. Both sides were represented by competent counsel and the Parties negotiated, in good faith, with Magistrate Judge Hoffman Price as the mediator. At the end of the conference,

the Parties were able to agree to resolve Plaintiff's claims for $3,000.00, exclusive of attorney's fees and costs.

6.   The Parties contend that this is a fair and reasonable resolution. Defendant disputes the annual bonuses were non-discretionary, instead arguing the bonuses were discretionary in nature and excludable from the regular rate. Defendant further contends it paid Plaintiff in accordance with the FLSA, and acted in good faith, such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims. [D.E. 19, Affirmative Defenses.]

## **Memorandum of Law**

Pursuant to the law of this Circuit, judicial review and approval of this tentative resolution provide final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. US. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982).

As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them ... The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Lynn Food Stores, Inc.* 679 F.2d at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the parties' agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff s success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-0rl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). There is a strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

The Parties dispute several material issues. The Parties dispute whether Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate, whether Plaintiff was correctly paid her wages, whether the allege half-day rate payments would entitle Plaintiff to any additional overtime compensation, and whether liquidated damages should be imposed against

Defendant. In order to avoid the costs and uncertainty of litigation, the Parties have ultimately resolved this matter pursuant to a Notice of Settlement. Prior to agreeing to the Notice of Settlement, Plaintiff was able to review time and pay records, testimony from the *Wright* Action, as well as other evidence that was discovered during the *Wright* Action, which provides further support for the reasonableness of the resolution. Defendant does not know what Plaintiff actually reviewed before agreeing to Settlement and contests that the *Wright* Action provided any benefit to Plaintiff. Defendant also contends that based on Judge Moore's ruling from the Southern District of Florida in the subsequent individual *Wright* action, that Plaintiff's claim here would be entirely time-barred under the statute of limitations. Plaintiff was, and is, aware that, should she proceed with litigation, her recovery might be greater or lesser than that for which she is resolving the case. She wishes to resolve the case in order to avoid the uncertainties of litigation, in a resolution in which she agrees that the amount she is receiving is fair and reasonable. In essence, Plaintiff is receiving approximately 27% of the claimed unpaid overtime wages in this matter. Moreover, Plaintiff does not bear any responsibility for fees and costs, as her counsel will apply to the court for their reasonable attorneys' fees and costs pursuant to local rule if the Court approves this resolution as fair and reasonable and enters judgment hereupon as requested. The amount received by Plaintiff pursuant

to the Settlement is a fair and reasonable compromise for the reasons above and should be approved by the Court.

WHEREFORE, the Parties respectfully request that the Court enter Judgment against Waste Pro of Florida, Inc. in the amount of $3,000.00, whereupon counsel for Plaintiff will apply to this Court pursuant to Local Rules for their reasonable and necessary fees and costs.

Respectfully submitted,

| **MORGAN & MORGAN, P.A**. | **STOVASH, CASE & TINGLEY, P. A.** |
|---|---|
| */s/ C. Ryan Morgan* <br> **C. Ryan Morgan, Esq.** <br> FBN 0015527 <br> 20 N. Orange Ave., 16th Floor <br> P.O. Box 4979 <br> Orlando, FL 32802-4979 <br> Telephone: (407) 420-1414 <br> Facsimile: (407) 245-3401 <br> Email:rmorgan@forthepeople.com <br> *Paul M. Botros* <br> **Paul M. Botros, Esq**. <br> FBN 0063365 <br> 8151 Peters Road <br> Suite 4000 <br> Plantation, FL 33324 <br> Telephone: (954) 327-5352 <br> Facsimile: (954) 327-3017 <br> Email:pbotros@forthepeople.com <br><br> ***Attorneys for Plaintiff*** | */s/ Rachel E. Scherwin* <br> Amy S. Shay, Esquire <br> FBN 0068871 <br> Email: ashay@sctlaw.com <br> Matthew J. Pearce, Esquire <br> FBN 0108368 <br> Email: mpearce@sctlaw.com <br> Rachel E. Scherwin, Esquire <br> FBN 0479934 <br> Email: rscherwin@sctlaw.com <br> Stovash, Case & Tingley, P.A <br> The VUE at Lake Eola <br> 220 North Rosalind Avenue <br> Orlando, Florida 32801 <br> Telephone: (407) 316-0393 <br> Facsimile: (407) 316-8969 <br><br> ***Attorneys for Defendant*** |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all CM/ECF participants in this case.

*/s/ Paul M. Botros*
**Paul M. Botros, Esq**.