# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANGELA DONDERO,**

        **Plaintiff,**

v.                                                                              Case No: 6:22-cv-210-RBD-DCI

**WASTE PRO OF FLORIDA, INC.,**

        **Defendant.**

___

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Parties' Joint Motion to Approve Settlement (Doc. 33)
>
> **FILED:** October 27, 2022
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

Plaintiff initiated this case against Defendant under the Fair Labor Standards Act (the FLSA), 29 U.S.C. § 255, to recover compensation after a collective action Plaintiff opted into was decertified. Doc. 1. Pending before the Court is the Parties' Joint Brief in Support of Approval of Settlement, which the Court construes as a Joint Motion for Approval of Settlement. Doc. 33 (the Motion). According to the Motion, United States Magistrate Judge Hoffman Price conducted a settlement conference and "[a]t the end of the conference, the Parties were able to agree to resolve Plaintiff's claims for $3,000.00, exclusive of attorney's fees and costs." *Id*. at 2-3. The parties

assert that the settlement amount is a compromise and the amount accepted represents about 27% of Plaintiff's claimed wages. *Id*. at 5.

## II. Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In so doing, the Court should consider the following nonexclusive factors:

- the existence of collusion behind the settlement.
- the complexity, expense, and likely duration of the litigation.
- the state of the proceedings and the amount of discovery completed.
- the probability of plaintiff's success on the merits.
- the range of possible recovery.
- the opinions of counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). In addition, the Court must consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009). The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's

attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *Lynn's Food*, 679 F.2d at 1354. There is a strong presumption in favor of settlement, but the Eleventh Circuit explains that the "FLSA's provisions are mandatory; thus, the provisions are not subject to negotiation or bargaining between the employers and employees." *Id*. at 1352.

### III. Analysis

#### A. The Settlement

The parties assert that the settlement reflects a reasonable resolution of the disputed issues in this case, as well as a compromise considering the costs and uncertainty of litigation. Doc. 33. Specifically, the parties dispute whether: (1) Plaintiff is entitled to additional overtime compensation due to a miscalculation of the regular rate; (2) Plaintiff was correctly paid wages; and (3) liquidated damages should be imposed against Defendant. *Id*. at 4. Defendant disputes recovery given the discretionary nature of the bonuses. *Id*. at 3. Defendant contends that it paid Plaintiff in accordance with the FLSA and acted in good faith such that liquidated damages and the three-year statute of limitations are not available to Plaintiff's claims. *Id*.

Prior to agreement to settle, Plaintiff was able to review time and pay records and testimony from the decertified collective action along with other evidence discovered during that action, which "provides further support for the reasonableness of resolution." *Id*. at 5. The parties explain that Plaintiff is aware that should litigation proceed, recovery might be greater or less than that for which he is resolving the case. *Id*.

Further, the parties state that Plaintiff accepted Defendant's offer of $3,000.00 the case, exclusive of attorney fees and costs. *Id*. at 2-3. The parties state that Plaintiff "wishes to resolve the case in order to avoid the uncertainties of litigation, in a resolution in which she agrees that the amount she is receiving is fair and reasonable." *Id*. at 5. The parties state that the total amount Plaintiff is receiving in settlement is approximately 27% of the claimed wages. *Id*.

Because these representations adequately explain the nature of the compromise of Plaintiff's wage claim, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. Other Terms of the Resolution

The undersigned also finds that the settlement does not contain a general release or other potentially problematic contractional provisions sometimes found in proposed FLSA settlement agreements. Specifically, the undersigned directed the parties to file a notice stating whether the parties have entered into any agreement that has not been disclosed to the Court and (a) is in any way related to this action or (b) otherwise contains a release extending beyond the FLSA claims in this action, contains a confidentiality provision, or contains a non-disparagement provision. Doc. 38.[1] In response, the parties notified the Court that "the Parties have not entered into any agreement (either oral or in writing) that has not already been disclosed to the Court. There is no side agreement that would include terms separate from and in addition to the terms stated on the record pursuant to the September 14, 2022 Settlement Conference held with Magistrate Hoffman, and detailed in the Parties' Joint Brief in Support of Approval of Settlement." Doc. 39.

---

[1] The parties did not attach an agreement to the Motion. *See* Doc. 33.

Based on the foregoing, the undersigned has no reason to believe that there are any "side deals" in this matter and **RECOMMENDS** that the Court find that the terms of the parties' agreement as provided do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs

According to the Motion, Plaintiff does not bear any responsibility for fees and costs. As such, Plaintiff's counsel intends to seek attorney fees and costs pursuant to the FLSA by making an application to the Court following entry of judgment under the Local Rules of this Court. Doc. 33 at 5. The undersigned finds that this proposed procedure is permitted and **RECOMMENDS** that the Court find that the issue of fees and costs does not affect the reasonableness of settlement.

However, the undersigned encourages the parties to confer concerning the issue of fees and costs and to come to an agreement concerning that matter—such conferral is, in fact, required by Local Rule 3.01(g) and must occur in person, by videoconference, or by telephone. Because the Agreement did not include any attorney fees or costs, any subsequent agreement concerning attorney fees and costs would necessarily be made separately and without regard to the amount paid to settle Plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Thus, the undersigned finds that if the parties do come to a later agreement concerning attorney fees and costs, they need not make an application to this Court to approve that agreement or otherwise consider it in light of *Lynn's Food*.

The undersigned notes that the parties are scheduled to attend a settlement conference on the issue of attorney fees and costs before Magistrate Judge Hoffman Price. Doc. 37.

### IV. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. the Court **GRANT** the Motion (Doc. 33) and find that the settlement is fair and reasonable under the FLSA;

2. the case be **DISMISSED with prejudice**;

3. find that any motion for attorney fees and costs is unnecessary if the parties reach an agreement on that issue; and

4. the Clerk be directed to close the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 21, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy